
**FILED**
JAN 18 2019
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

JAMES E. WENNERSTEIN, )
)
      Plaintiff, )
)
v. ) Civil Action No. 18-02677 (UNA)
)
UNITED STATES OF AMERICA, )
)
      Defendant. )

## MEMORANDUM OPINION

This matter is before the Court on the plaintiff's application to proceed *in forma pauperis* and his *pro se* civil complaint. Plaintiff has submitted a filing titled "complaint and notice of individual secession with voluntary relinquishment of citizenship," Compl. at 5, addressed to the President of the United States, the Attorney General, the United Nations Secretary General, and the governors and attorneys general of Arkansas and Michigan, *id.* at 4. He seeks an "executive order . . . directing [his] immediate release from any and all confinement." *Id.* at 2. He argues that he must be released because he does not "submit, bend knee, and yield to the World-of-Man Government," *id.* at 7.

This Court has the discretion to dismiss a filing pursuant to 28 U.S.C. § 1915(d) if the plaintiff fails to state a claim upon which relief can be granted. Although complaints by *pro se* litigants are held to "less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520 (1972), 28 U.S.C. § 1915(d) authorizes the Court to dismiss a complaint *sua sponte* where "it lacks an arguable basis in either law or in fact," *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see also Tate v. Burke*, 131 F.R.D. 363, 365 (D.D.C. 1990) ("[T]his Court notes that the statutory provisions for proceedings *in forma pauperis* specifically

authorize the *sua sponte* dismissal of 'frivolous or malicious' lawsuits in which there is indisputedly no factual and legal basis for the asserted wrong."). Plaintiff's "brief in support" of his complaint contains sections entitled "Charge to the Chieftains and Magistrates," Compl. at 17, discusses the "Foundation and Fate of the Republic," *id.* at 22, and quotes portions of the Old Testament throughout.

Although much of Plaintiff's complaint appears frivolous, he makes reference to release from his "sentence of 540 years confinement." *Id.* at 2. To the extent that Plaintiff challenges his current custody, his claims sound in habeas. The proper respondent in a habeas corpus action is the plaintiff's custodian. *See Rumsfeld v. Padilla*, 542 U.S. 426, 434-35 (2004); *Blair-Bey v. Quick*, 151 F.3d 1036, 1039 (D.C. Cir. 1998) (citing *Chatman-Bey v. Thornburgh*, 864 F.2d 804, 810 (D.C. Cir. 1988)). Plaintiff is currently detained in Grady, Arkansas, and this "district court may not entertain a habeas petition involving present physical custody unless the respondent custodian is within its territorial jurisdiction." *Stokes v. U.S. Parole Comm'n*, 374 F.3d 1235, 1239 (D.C. Cir. 2004). Because dismissal of Plaintiff's claim in a summary proceeding such as this one might significantly curtail his ability to bring a subsequent habeas petition in the correct jurisdiction, *see* 28 U.S.C. § 2244(b), this Court—out of an abundance of caution—will transfer this matter to the district in which the plaintiff currently is incarcerated.

Accordingly, it is hereby ORDERED that this action shall be TRANSFERRED to the United States District Court for the Eastern District of Arkansas. Rulings on the plaintiff's application to proceed *in forma pauperis* [ECF No. 2] and, if applicable, the merits of his complaint are left for the transferee court to decide.

SO ORDERED.

DATE: January 10, 2019

United States District Judge